# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAVERN BERRYHILL,** | ) |
| Petitioner, | ) |
| v. | ) No. CIV 14-331-JHP-KEW |
| **ANITA TRAMMELL, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Lavern Berryhill, a prisoner who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed another petition for a writ of habeas corpus. The caption of the complaint reads as follows:

> Pro Se Petition for 28 U.S.C. § 2241 State Execution of Pro Se J&Ss which Renders Petitioner Actually Innocent And Unapplicable [sic] to 28 U.S.C. § 2254 Because 2254 Is Only Applicable To State Prisoners Incarcerated Pursuant To Lawful State J&S - Also Petitioner Is Contesting All Of His 2013-14 Prison Misconduct Convictions Under The Legal Theory of Being Actually Innocent - 2241 Lawful Custody Is Jurisdictional Exhaustion Can Not Be Asserted Prior To Subject Matter Jurisdiction.

(Dkt. 1 at 1).

Although plaintiff does not set forth which Judgment and Sentence is invalid, the Oklahoma Department of Corrections website at http://www.ok.gov/doc/Offenders, indicates he is serving sentences arising from his convictions for Larceny of Merchandise from Retailer, After Former Conviction of Two Felonies, in Oklahoma County District Court Case Nos. CF-1990-1250 and CF-1990-1614. He is asserting in this habeas action that 28 U.S.C. § 2254 is inapplicable to his claims, because the Judgment and Sentence in each of those cases was invalid. He contends his public defender coerced him into a conspiracy to lie to

the judge, so he was allowed to withdraw his fraudulent blind pleas and to proceed to a jury trial. He is asking this court to order the state court to provide his blind plea transcripts, or in the alternative, concede to the various alleged errors in his conviction and release him.

Contrary to Mr. Berryhill's allegations, to the extent he is challenging the validity of his convictions and sentences, he must present his claims in a proper habeas corpus petition, pursuant to 28 U.S.C. § 2254. Another § 2254 petition would be successive, however, so he would have to obtain permission from the Tenth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). *See Berryhill v. Evans*, 466 F.3d 934 (10th Cir. 2006), *cert. denied*, 549 U.S. 1256 (2007) (holding that Mr. Berryhill's fourth federal habeas petition seeking relief from his state court larceny convictions required prefiling authorization). Petitioner's § 2254 claims also would be time-barred, so it would be waste of judicial resources to transfer the case to the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). Because petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this court lacks jurisdiction over his § 2254 claims.

As for Mr. Berryhill's claims regarding his 2013 and 2014 misconducts, he must file a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Forms for filing such actions are available from the Court Clerk's office.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus (Docket No. 1) is DENIED, and his claims arising under 28 U.S.C. § 2254 and 28 U.S.C. § 2241 are DISMISSED WITHOUT PREJUDICE.

DATED this 22nd day of January 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma